# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| DADBOD APPAREL LLC, | ) | CASE NO. 5:25-cv-01599 |
| | ) | |
| Plaintiff and Counter-Defendant, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| | ) | **ORDER** |
| v. | ) | **(Resolving Doc. 35)** |
| | ) | |
| HILDAWN DESIGN LLC, *et al.*, | ) | |
| | ) | |
| Defendants and Counter-Claimants. | ) | |
| | ) | |

On August 1, 2025, Plaintiff DadBod Apparel LLC, a California limited liability company, brought this action against Defendants Hildawn Design LLC, Hilary D. Wertin, and ten unnamed Does on six causes of action arising from what Plaintiff contends are Defendants' fraudulent trademark actions and related unlawful business practices in the apparel industry.  (Doc. 1, 8/1/25, PageID #1)  Plaintiff designs, manufactures, and sells apparel and accessories bearing the slogan "Support Your Local Girl Dad."  According to the complaint, Defendant Wertin filed an "intent to use" application under 15 U.S.C. § 1051(b) to register the GIRLDAD mark.  Plaintiff alleges that the mark's registration and its renewal were fraudulent and that Defendants have used the fraudulently obtained trademark to drive Plaintiff out of the market.  (*Id.*, PageID #3)

1

Early on in this case, the two named defendants, Hildawn Design LLC and Hilary D. Wertin, answered the complaint and filed counterclaims against Plaintiff. (Doc. 11, 10/15/25, PageID #117)  Defendants defend in part by asserting that the GIRLDAD trademark is valid and enforceable.  (*Id.*, PageID #124)  They also assert ownership of BOYDAD, GIRLMOM, and BOYMOM trademarks.  (*Id.*, PageID #129) Through their counterclaims, Defendants seek in part declaratory relief judging the trademark GIRLDAD to be valid.  They also state other counterclaims against Plaintiff for trademark infringement and unlawful business practices allegedly damaging to Defendants' trademarks and their business interests.  Several weeks after Defendants' filing, Plaintiff answered their counterclaims.  (Doc. 12, 11/5/25, PageID #181)

With leave of the Court, Defendants amended their counterclaims at the beginning of this year (Doc. 24, 1/30/26, PageID #290), which Defendants have answered (Doc. 26, 2/13/26, PageID #314).  The parties are in the throes of discovery pursuant to a schedule set at a case management conference held roughly six months ago.  The Court amended the case schedule on April 15, 2026 by moving the discovery cutoff to July 3, 2026 and the dispositive motion deadline to August 14, 2026.  (Doc. 34, 4/15/26)

Last month, Defendants moved for a stay of all proceedings before the Court because they learned that the California Franchise Tax Board had suspended Plaintiff. Defendants cite both California law and federal law for the proposition that a suspended corporate entity lacks capacity to maintain litigation, including this current case.  (Doc. 35, 5/14/26, PageID #348)  Defendants argue that Plaintiff now lacks the

capacity to continue this litigation.

Fed. R. Civ. P. 17(b), which Defendants cite, provides, "Capacity to sue or be sued is determined as follows . . . (2) for a corporation, by the law under which it was organized."  Plaintiff has acknowledged that it is a limited liability company organized under California law with its principal place of business in Roseville, California.  (Doc. 1, PageID #1)

For its part, Plaintiff states that it "does not oppose a brief, narrowly tailored stay tied to the completion of its revivor with the California Franchise Tax Board." (Doc. 36, 5/21/26, PageID #359)  It further represents to the Court and to Defendants that it has "submitted everything California law requires to revive" and that "[r]evivor is now a ministerial step awaiting the FTB's and the California Secretary of State's routine administrative processing."  (*Id.*)  Both sides of this litigation submitted proposed orders to resolve this issue.

A proper balance of the equities prompts the Court to stay all proceedings in this litigation.  A stay should not be indefinite, however.  Both sides have struck upon 120 days as being a reasonable period of time for the stay, at least initially.  Neither has predicted when the California state law authorities might act upon Plaintiff's revivor request.  Nor could either side be expected to do so with any reasonable accuracy.  Nevertheless, no stay should be a vehicle by which either side can avoid discovery obligations or other obligations associated with this litigation.

Accordingly, the Court GRANTS IN PART and DENIES IN PART Defendants' motion, and orders as follows:

3

1. All proceedings in this case are stayed as of the date of this order, and all deadlines that the Court previously set are suspended.

2. Even though this stay order suspends the parties' ongoing exchange of discovery and discovery requests, all obligations of the parties and counsel to maintain intact all discovery and other discoverable materials shall continue unchanged during the course of the stay.

3. Plaintiff shall file a written status report every 30 days from the date of this order (*i.e.*, July 31st, August 30th, September 29th) by which the Court and the parties will be advised of the status of Plaintiff's reinstatement by the California Franchise Tax Board and the California Secretary of State.  Plaintiff shall take all necessary and reasonable steps required to accomplish its reinstatement.

4. In the event Plaintiff is granted or denied reinstatement, it shall file the following day with the Court a notice confirming that fact.

5. A telephonic status conference with counsel is scheduled for <u>Wednesday, September 30, 2026 at 2 p.m. EDT</u> at which time the status of the case and an amended schedule will be discussed.  The Court will provide counsel with dial-in instructions beforehand.  Should reinstatement or denial of reinstatement occur before that date, the Court will issue a further order addressing this scheduled telephonic conference and other matters in this case.

6. The Court retains jurisdiction to modify this order and/or to enter such further orders as may be necessary to effectuate its purpose.

IT IS SO ORDERED.

Dated: July 1, 2026                    /s/ John R. Adams
                                       JOHN R. ADAMS
                                       UNITED STATES DISTRICT JUDGE